UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ISMET KRASNIQI,  )<br>    Plaintiff  )<br>  )<br>v.  )<br>  )<br>A BETTER WAY WHOLESALE AUTOS, INC. )<br>and  )<br>SANTANDER CONSUMER USA, INC.  )<br>    Defendants  )<br>_____ ) | CIVIL ACTION NO.<br><br><br><br><br><br><br><br>JANUARY 11, 2018 |

**COMPLAINT**

**I.   INTRODUCTION**

1.   This is an action brought by a consumer under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA"); the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42a-110a *et seq.*; and for breach of express warranty against an automobile dealership and finance company. Plaintiff brings this action to pursue actual damages, punitive damages, injunctive relief and reasonable attorney's fees and costs.

**II.   PARTIES**

2.   Ismet Krasniqi ("Plaintiff" or "Krasniqi") is natural person and consumer residing in Mahopac, New York.

3.   Defendant A Better Way Wholesale Autos, Inc. ("ABW") is a Connecticut corporation that operates a motor vehicle dealership in Naugatuck, Connecticut.

4.   Defendant Santander Consumer USA ("Santander") is an Illinois corporation with principal officers in Dallas, Texas.

1

### III.  JURISDICTION

5.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 15 U.S.C. § 2310(d). Supplemental jurisdiction exists under 28 U.S.C. § 1667 for the pendant state law claims.

6.  Complete diversity exists as the Plaintiff is a resident of New York, ABW is a Connecticut corporation and Santander is an Illinois corporation.

7.  This Court has jurisdiction over ABW because it is organized under the laws of Connecticut and regularly conducts business in this state.

8.  This Court has jurisdiction over Santander because it regularly conducts business in this state.

9.  Venue is proper in this Court, because the transaction occurred in Connecticut.

### IV.  FACTUAL ALLEGATIONS

10.  On or about October 29, 2015, Plaintiff went to ABW interested in purchasing a 2011 Audi A6 (the "Vehicle").

11.  Plaintiff agreed to purchase the Vehicle for a cash price of $20,995. The total cash price delivered, including sales tax and other fees, was $27,418.47.

12.  Plaintiff paid a $1,000 down payment and financed the balance pursuant to a retail installment sales contract (the "Contract") that was subsequently assigned to Santander.

13. The Contract included a clause that renders Santander subject to claims and defenses that could be raised against ABW up to the amount paid under the contract.

14. Unbeknownst to Plaintiff, the Vehicle had been involved in two crashes previously and suffered structural damage rendering it unsafe to drive.

15. ABW knew or should have known that the Vehicle had this damage.

16. This damage would have been readily apparent to any automotive professional at ABW performing the safety inspection required by Conn. Gen. Stat. § 14-62(g).

17. Plaintiff brought the Vehicle to an Audi dealership in summer of 2017 for repairs and learned that it had been involved in one or more serious accidents.

18. Concerned, Plaintiff brought the Vehicle to an independent auto body expert and learned of the aforementioned structural damage.

19. The amount in controversy in this action, including statutory punitive damages and common law punitive damages, exceeds $75,000.

## V. CAUSES OF ACTION

**COUNT ONE: BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

20. ABW is a "merchant" as that term is defined in Conn. Gen. Stat. § 42a-2-104.

21. The Vehicle constitutes "goods" as that term is defined in Conn. Gen. Stat. § 42a-2-105.

22. The Vehicle is a consumer product as that term is defined in § 2301(1) of the MMWA.

23. A warranty that the Vehicle was in merchantable condition at the time of sale was implied in the Contract by operation of Conn. Gen. Stat. § 42a-2-314.

24. ABW breached the implied warranty of merchantability because the Vehicle was not in merchantable condition at the time of sale to Plaintiff. Specifically, the Vehicle had structural damage that rendered the Vehicle unsafe to drive.

25. ABW's breach of the implied warranty of merchantability was tortious in nature, in bad faith, was wanton and malicious, outrageous, and was undertaken with bad motive and with a reckless indifference to Plaintiff's interest and the injury that he sustained, entitling him to claim common law punitive damages.

26. For ABW's breach of the implied warranty of merchantability, Plaintiff is entitled to actual damages, a refund of the amounts he has paid, plus attorney's fees and costs under the MMWA, 15 U.S.C. § 2310(d).

27. Plaintiff also seeks equitable relief pursuant to MMWA in the form of an order requiring ABW to repurchase the Vehicle.

**COUNT TWO – CONNECTICUT UNFAIR TRADE PRACTICES ACT**

28. ABW violated the Connecticut Unfair Trade Practices Act ("CUTPA") by engaging in unfair and deceptive acts, as alleged above.

29. ABW failed to perform a safety inspection on the Vehicle as required by Conn. Gen. Stat. § 14-62(g) or, if it did perform a safety inspection, it sold the Vehicle notwithstanding the defects and failed to disclose those on the CT DMV K-208 form as

required by Conn. Gen. Stat. § 14-62(g), a *per se* violation of CUTPA pursuant to Conn Gen. Stat. § 42-110b-28(b)(23).

30. As a result of the aforesaid conduct Plaintiff has suffered an ascertainable loss of money and property in the form of a Vehicle worth substantially less due to the undisclosed defects.

31. Plaintiff is entitled to recover his actual damages plus, in the Court's discretion, costs, attorney's fees, and punitive damages, pursuant to Conn. Gen. Stat. § 42-110g.

32. Plaintiff also seeks equitable relief under CUTPA in the form of an order requiring ABW to repurchase the Vehicle.

**COUNT THREE – BREACH OF EXPRESS WARRANTY**

33. ABW made affirmations of fact or promise relating to the Vehicle that became part of the basis of the bargain and that created express warranties pursuant to Conn. Gen. Stat. § 42a-2-313(a).

34. Specifically, ABW represented that the Vehicle had undergone a safety inspection and indicated on the Connecticut DMV K-208 form that the frame and chassis, as well as the entire vehicle, was safe for operation.

35. Representations regarding the safety of the vehicle were part of the basis of the bargain that induced Plaintiff into purchasing the Vehicle.

36. The Vehicle was not safe for operation.

37. ABW's breach of express warranty was tortious in nature, in bad faith, was wanton and malicious, outrageous, and was undertaken with bad motive and with a reckless indifference to the Plaintiff's interests and the injury that he sustained.

38. As a result of the above-described actions, ABW is liable to Plaintiff for his damages, including common law punitive damages.

WHEREFORE, Plaintiff claims actual damages, punitive damages, costs, reasonable attorney's fees, and such other relief to which the Plaintiff is, at law, or in equity and by statute, entitled to against defendants.  Plaintiff further claims an order require ABW to repurchase the Vehicle.

PLAINTIFF, ISMET KRASNIQI

By:  /s/*Daniel S. Blinn*
   Daniel S. Blinn (ct02188)
   dblinn@consumerlawgroup.com
   Brendan L. Mahoney (ct28939)
   bmahoney@consumerlawgroup.com
   Consumer Law Group, LLC
   35 Cold Spring Rd. Suite 512
   Rocky Hill, CT  06067
   Tel.  (860) 571-0408
   Fax. (860) 571-7457